IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 2:19-CR-093-Z |
| DAVIN SETH WATERS | |

## FACTUAL RESUME

In support of Davin Seth Waters's plea of guilty to the offense in Count One of the indictment, Waters, the defendant, E. Dean Roper, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the indictment, charging a violation of 18 U.S.C. § 2423(a), that is, Transportation of Minors with Intent to Engage in Criminal Sexual Activity, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.*   That the defendant knowingly transported MV1 or MV2 in interstate commerce;

*Second.*   That at the time of the transportation, MV1 or MV2 was less than 18 years old; and

*Third.*   That at the time of the transportation, the defendant intended that MV1 or MV2 would engage in unlawful sexual activity.

---

[1] Eleventh Circuit Pattern Jury Instruction 093.1 (11th Cir. 2016 ed.) [modified].

**Davin Seth Waters**
**Factual Resume—Page 1**

## STIPULATED FACTS

1. Davin Seth Waters admits and agrees that beginning in or about November 2017, and continuing until in or about June 2018, in the Amarillo Division of the Northern District of Texas, and elsewhere, he did knowingly transport individuals, MV1 or MV2, who had not attained the age of 18 years, in interstate commerce with the intent that MV1 or MV2 engage in sexual activity for which any person can be charged with a criminal offense. In violation of Title 18, United States Code, Section 2423(a).

2. Davin Seth Waters was a deputy with the Palmer County Sheriff's Office. He was also the owner of, and an instructor at, a Tae Kwon Do (TKD) studio in Bovina, Texas. He was also a volunteer children's worker at the First Baptist Church in Texico, New Mexico.

3. On multiple occasions between November 2017 and June 2018, Waters picked up MV1 and MV2 in New Mexico and drove them into the Amarillo Division of the Northern District of Texas with the intent to engage in criminal sexual activity. On these occasions, Waters touched MV1's penis and MV2's penis and anus. Waters also performed oral sex on MV1. More specifically, Waters swam and sat in a hot tub with MV1 and MV2 in Texas. While sitting in the hot tub, Waters performed oral sex on MV1. MV1 and MV2 also stayed the night at Waters's home in Texas. On at least one occasion at Waters's home, Waters gave MV1 a small, circular pill.[2] After taking the pill, MV1 passed out. After MV1 awoke, Waters said to MV1 that he (Waters) "always wondered

---

[2] Law enforcement searched Waters's home in June 2019 and located small, circular pills identified as "DAN," which is a hydroxyzine. Hydroxyzine is an antihistamine that can cause extreme drowsiness.

Davin Seth Waters
Factual Resume—Page 2

what a blow job felt like." Also at Waters's home, Waters had MV2 lie down on a bed and put his legs up, and Waters inserted a toothbrush inside of MV2's anus. Waters engaged in illicit sexual conduct with MV1 and MV2 while they were in Waters's custody, care, or supervisory control. According to MV2, MV2 let Waters touch his penis because Waters was big and MV2 was afraid of Waters. During this time, MV1 was approximately 14 years old and MV2 was approximately 11 years old. Waters is at least 10 years older than MV1 and MV2.

4. Under Texas Penal Code 22.011(a)(2)(B), sexual assault of a child is a crime. And under Texas Penal Code 22.(a)(1), indecency with a child is a crime. Waters admits that, based on his sexual activity with MV1 and MV2, described above, he could have been charged with one or both of these criminal offenses.

5. Waters admits that he traveled from Texas to New Mexico for the purpose of engaging in illicit sexual conduct with MV3, who was 8 years old at the time. Waters touched MV3's penis and anus multiple times, with the latest incident occurring on or about May 22, 2019. Waters touched MV3's penis at least three times at the First Baptist Church in Texico, New Mexico. Waters also had MV3 touch his (Waters) penis.

6. Waters admits that he engaged in illicit sexual conduct with MV4 when MV4 was 13 years old. Waters pulled down MV4's pants and touched MV4's penis while they were at Waters's TKD studio. Waters then exposed his penis to MV4, and Waters masturbated while touching MV4's penis.

7. Waters admits that he engaged in illicit sexual conduct with MV5 seven to eight times when MV5 was between 9 and 10 years old. On these occasions, Waters

touched MV5's penis, and Waters had MV5 touch his (Waters) penis. Waters also performed oral sex on MV5. MV5 was one of Waters's TKD students. According to MV5, MV5 allowed Waters to touch him because MV5 was scared of Waters because he was so big and because MV5 thought Waters would hurt MV5 if he did not allow Waters to touch him.

8. Waters admits that he engaged in illicit sexual conduct with MV6 when MV6 was approximately 8 years old. While Waters and MV6 were together in Waters's car, Waters put his hand down MV6's pants and touched MV6's testicles. Waters then drove to a drug store and bought some cream. Waters told MV6 to put the cream "up" MV6's "butt." When MV6 refused, Waters put the cream inside of MV6's anus. According to MV6, MV6 experienced pain when Waters put the cream up into his rectum.

9. Waters admits that he engaged in illicit sexual conduct with MV7 when MV7 was approximately 12 years old or younger. Waters touched MV7's penis on multiple occasions. Waters persuaded MV7 to allow him (Waters) to touch MV7 penis, and to keep silent about Waters's actions, by giving him pocket knives.

[Remainder of page intentionally left blank.]

10. The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the indictment.

AGREED TO AND STIPULATED on this 15th day of November, 2019.

ERIN NEALY COX
UNITED STATES ATTORNEY

DAVIN SETH WATERS
Defendant

SEAN J. TAYLOR
Assistant United States Attorney
Texas State Bar Number 24075147
500 South Taylor Street, Suite 300
Amarillo, Texas 79101-2446
Telephone:   806-324-2356
Facsimile:   806-324-2399
E-mail:   sean.taylor@usdoj.gov

E. DEAN ROPER
Attorney for Defendant