# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

Amarillo Division

UNITED STATES OF AMERICA

v.

DAVIN SETH WATERS



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN 26 2020

CLERK, U.S. DISTRICT COURT
By _____
Deputy

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 2:19-CR-93-Z-BR-1
U.S. Marshal's No.: 59044-177
Sean Jeffrey Taylor, Assistant U.S. Attorney
E Dean Roper, Attorney for the Defendant

On November 25, 2019 the defendant, DAVIN SETH WATERS, entered a plea of guilty as to Count One of the Indictment filed on June 20, 2019. Accordingly, the defendant is adjudged guilty of such Count, which involves the following offense:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2423(a) | Transportation of Minors with Intent to Engage in Criminal Sexual Activity | 06/01/2018 | One |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission pursuant to Title 28, United States Code § 994(a)(1), as advisory only.

The defendant shall pay immediately a special assessment of $100.00 as to Count One of the Indictment filed on June 20, 2019.

The defendant shall notify the United States Attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Sentence imposed June 25, 2020.

_____

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

Signed June 26, 2020.

Judgment in a Criminal Case                                                             Page **2** of **5**
Defendant: DAVIN SETH WATERS
Case Number: 2:19-CR-93-Z-BR-1

## IMPRISONMENT

The defendant, DAVIN SETH WATERS, is hereby committed to the custody of the Federal Bureau of Prisons (BOP) to be imprisoned for a term of **LIFE as to Count One** of the Indictment filed on June 20, 2019.

The Court makes the following recommendations to the Bureau of Prisons:

1. that the Defendant be reviewed for possible segregation due to crime of conviction and previous employment as law enforcement, if eligible, if consistent with security classification;

2. that the Defendant be allowed to participate in a medical and mental health evaluation to ascertain treatment and rehabilitation programs, while in the custody of the Federal Bureau of Prisons, if eligible, if consistent with security classification;

3. that the Defendant be allowed to participate in any and all educational and vocational training, if eligible, if consistent with security classification; and

4. that the Defendant be assigned to FCI – Seagoville if eligible, if consistent with security classification.

The Defendant is remanded to the custody of the United States Marshal.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **LIFE** as to Count One of the Indictment filed on June 20, 2019.

While on supervised release, in compliance with the Standard Conditions of supervision adopted by the United States Sentencing Commission at Section 5D1.3(c), the defendant shall:

1. The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed.

3. The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer.

4. The defendant shall answer truthfully the questions asked by the probation officer.

Judgment in a Criminal Case                                                          Page **3** of **5**
Defendant: DAVIN SETH WATERS
Case Number: 2:19-CR-93-Z-BR-1

5. The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that he or she observes in plain view.

7. The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her work (such as the position or the job responsibilities), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours.

10. The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).

11. The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk.

13. The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

Also, as set forth in the Notice of Intent to Impose Conditions of Supervised Release signed and dated June 25, 2020, the Defendant shall comply with the below-listed other conditions of supervised release, which are derived from Sections 5D1.3(a), (b), (d), and (e), in relevant part:

1. The defendant shall not commit another federal, state, or local crime.

Judgment in a Criminal Case                                                                     Page **4** of **5**
Defendant:  DAVIN SETH WATERS
Case Number:  2:19-CR-93-Z-BR-1

2.  The defendant shall not possess illegal controlled substances.

3.  The defendant shall not possess a firearm, destructive device, or other dangerous weapon.

4.  The defendant shall cooperate in the collection of DNA as directed by the U.S. Probation Officer, as authorized by the Justice for All Act of 2004.

5.  The mandatory drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

6.  The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which the defendant resides, works, is a student, or was convicted of a qualifying offense.

7.  The defendant shall pay any remaining balance of the Justice for Victims Trafficking Act assessment in the amount of $5,000, as set out in this Judgment.

8.  The defendant shall have no contact with the victim(s), including correspondence, telephone contact, or communication through third parties except under circumstances approved in advance by the probation officer and not enter onto the premises, travel past, or loiter near the victims' residences, places of employment, or other places frequented by the victims.

9.  The defendant shall have no contact with minors under the age of 18, including by correspondence, telephone, internet, electronic communication, or communication through third parties. The defendant shall not have access to or loiter near school grounds, parks, arcades, playgrounds, amusement parks or other places where children may frequently congregate, except as may be allowed upon advance approval by the probation officer.

10. The defendant shall participate in sex-offender treatment services as directed by the probation officer until successfully discharged, which services may include psycho-physiological testing to monitor the defendant's compliance, treatment progress, and risk to the community, contributing to the costs of services rendered (copayment) at the rate of at least $25 per month.

11. The defendant shall provide to the probation officer any requested financial information.

12. The defendant shall refrain from incurring new credit charges or opening additional lines of credit without approval of the probation officer unless the probation officer makes a determination that the defendant is in compliance with the payment schedule.

### FINE/RESTITUTION

        The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration, in addition to the JVTA assessment.

Judgment in a Criminal Case                                                      Page **5** of **5**
Defendant:  DAVIN SETH WATERS
Case Number:  2:19-CR-93-Z-BR-1

The Court does order the Defendant pay the **Justice for Victims of Trafficking Assessment Act** assessment in the amount of **$5,000**. The Defendant shall pay the assessment pursuant to 18 U.S.C. § 3014 to the United States, payable to the U.S. District Clerk, 501 West 10th Street, Room 310, Fort Worth, TX 76102. If upon commencement of the term of supervised release any part of the assessment imposed pursuant to 18 U.S.C. 3014 remains unpaid, the Defendant shall make payments on such unpaid balance beginning 60 days after release from custody at the rate of at least $100 per month until the fine is paid in full.

Although restitution is mandatory, the Court does not order Restitution because there is no restitution sought by the identified victims of the offense.

### RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
United States Marshal

BY _____
Deputy Marshal