```
 1                IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT  OF TEXAS
 2                        AMARILLO DIVISION

 3   UNITED STATES OF AMERICA     §
                                  §         CRIMINAL ACTION
 4   VS.                          §
                                  §      NO. 2:19-CR-93-Z (1)
 5   DAVIN SETH WATERS            §

 6   =============================================================

 7               TRANSCRIPT OF REARRAIGNMENT HEARING
                 BEFORE THE HONORABLE LEE ANN RENO
 8                 UNITED STATES MAGISTRATE JUDGE

 9
                          NOVEMBER 25, 2019
10
                          AMARILLO, TEXAS
11
     =============================================================
12

13                    A-P-P-E-A-R-A-N-C-E-S

14

15   FOR THE GOVERNMENT:        MS. ANNA MARIE BELL
                                Assistant United States Attorney
16                              500 South Taylor, LB 238
                                Amarillo, Texas  79101-2442
17

18   FOR THE DEFENDANT:         MR. E. DEAN ROPER
                                Law Office of E. Dean Roper
19                              One Maxor Bldg.
                                320 S. Polk, Suite 901
20                              Amarillo, Texas  79101

21
     COURT REPORTER:            MS. STACY MAYES MORRISON
22                              Official Court Reporter
                                205 E. 5th, LB #F13263
23                              Amarillo, Texas  79101
                                (806) 672-6219
24
     Proceedings reported by mechanical stenography; transcript
25   produced by computer.
```

1    VOLUME I (PAGES 1 - 23)

2

3    PROCEEDINGS FOR NOVEMBER 25, 2019

4    <u>PAGE</u>

5    CAPTION/APPEARANCES..................................................   1

6    INDEX...............................................................   2

7    REARRAIGNMENT PROCEEDINGS...........................................   3

8    COURT'S EXAMINATION OF DEFENDANT....................................   3

9    COURT'S FINDING ON CONSENT..........................................   6

10   ESSENTIAL ELEMENTS READ.............................................   7

11   COURT'S FINDING ON DEFENDANT'S UNDERSTANDING OF CHARGES.............   8

12   PLEA AGREEMENT......................................................   8

13   DEFENDANT'S RIGHTS..................................................  10

14   PENALTIES AND CONSEQUENCES..........................................  12

15   DEFENDANT'S PLEA....................................................  18

16   FACTUAL RESUMÉ......................................................  18

17   COURT'S FINDING ON PLEA.............................................  20

18   RECOMMENDATION TO DISTRICT JUDGE TO ACCEPT PLEA.....................  21

19   COURT'S SENTENCING SCHEDULE.........................................  22

20   PRESENTENCE REPORT PROCEDURES.......................................  22

21   REPORTER'S CERTIFICATE..............................................  23

22

23

24

25

Rearraignment 11/25/2019

1    <u>**PROCEEDINGS FOR NOVEMBER 25, 2019**</u>

2        **(The following took place in open court with the**

3    **defendant present.)**

4            **THE COURT**:  The Court calls for rearraignment,

5    United States of America versus Davin Seth Waters,

6    2:19-CR-93-Z-BR (1).

7            **MS. BELL**:  The United States is ready, Your Honor.

8            **MR. ROPER**:  Dean Roper for the Defendant, Your

9    Honor.  We're ready to proceed.

10           **THE COURT**:  Would you please raise your right hand,

11   sir.

12       **(The defendant was sworn by the Court.)**

13           **THE COURT**:  All right.  Are you Davin Seth Waters?

14           **THE DEFENDANT**:  Yes, ma'am.

15           **THE COURT**:  Okay.  Do you intend to plead guilty to

16   Count One of an indictment that charges you with

17   Transportation of Minors with Intent to Engage in Criminal

18   Sexual Activity?

19           **THE DEFENDANT**:  I do.

20           **THE COURT**:  Okay.  For purposes of the record, that

21   statute can be found at 18, United States Code,

22   Section 2423(a).

23           Mr. Waters, before I can recommend that our

24   District Judge accepts the plea of guilty that you intend to

25   enter this morning, I'm going to have to ask you a lot of

 1   questions, and there's two reasons for that.  First, I have

 2   to make certain that you understand all of the rights that

 3   you will be giving up by pleading guilty; second, I have to

 4   make certain that there are facts that will support the plea

 5   of guilty.

 6        Do you understand the reasons that there will be so

 7   many questions?

 8        **THE DEFENDANT**:  Yes, ma'am.

 9        **THE COURT**:  If I ask a question that you do not

10   understand, will you feel comfortable telling me that I'm

11   being unclear?

12        **THE DEFENDANT**:  Yes, ma'am.

13        **THE COURT**:  Okay.  Do you understand that at any

14   point during the hearing today you have the ability to

15   consult privately with your attorney?

16        **THE DEFENDANT**:  Yes, ma'am.

17        **THE COURT**:  Okay.  If you answer my questions then

18   without telling me that I'm being unclear or without asking

19   to talk to your attorney, can I assume that you have

20   understood the question you're answering?

21        **THE DEFENDANT**:  Yes, ma'am.

22        **THE COURT**:  Do you understand that you are under

23   oath, and if you answer any of these questions falsely, the

24   Government could prosecute you for perjury or for making a

25   false statement?

1          THE DEFENDANT:  I understand.

2          THE COURT:  I know I have said it, but would you

3    please state your full name for our record, please, sir.

4          THE DEFENDANT:  Davin Seth Waters.

5          THE COURT:  How old are you?

6          THE DEFENDANT:  I'm twenty-five, ma'am.

7          THE COURT:  How far did you go in school, sir?

8          THE DEFENDANT:  I went into -- graduated high

9    school and have some college classes also.

10          THE COURT:  Okay.  About how many hours of college

11    classes would you estimate?

12          THE DEFENDANT:  From 8 to 20, I believe.

13          THE COURT:  Okay.  Have you been treated recently

14    for any kind of mental illness?

15          THE DEFENDANT:  No, ma'am.

16          THE COURT:  Have you been treated recently for an

17    addiction to narcotic drugs of my kind?

18          THE DEFENDANT:  No, ma'am.

19          THE COURT:  Are you currently under the influence

20    of any drug, medication, or alcoholic beverage of any kind?

21          THE DEFENDANT:  No, ma'am.

22          THE COURT:  Before we go any further in the case, I

23    want to go over the consent form that you would have signed

24    before court.

25          It explains that you have the right to have our

1    District Judge hear your plea of guilty, or you can choose to

2    have a United States Magistrate Judge like myself take your

3    guilty plea and then make a recommendation to the District

4    Judge, who is our presiding judge, that he either accepts or

5    rejects that plea.

6          Did you have a chance to go over this consent form

7    briefly with your attorney before the hearing today?

8          THE DEFENDANT:  Yes, ma'am.

9          THE COURT:  If you had any questions about this

10   consent process, did you have an opportunity to get those

11   questions answered?

12         THE DEFENDANT:  Yes, ma'am.

13         THE COURT:  And is that your signature down here in

14   the bottom corner?

15         THE DEFENDANT:  Yes, ma'am.

16         THE COURT:  Would you like to proceed forward today

17   with having your guilty plea taken in front of the United

18   States Magistrate Judge?

19         THE DEFENDANT:  Yes, ma'am.

20         THE COURT:  Okay.  I find that the consent in the

21   case has been knowingly and voluntarily given, and we'll

22   proceed forward.

23         Mr. Waters, have you been provided with a copy of

24   the Indictment to which you intend to plead guilty?

25         THE DEFENDANT:  Yes, ma'am.

```
 1              THE COURT:  Before the hearing today, did you
 2    either read it yourself or have it read to you?
 3              THE DEFENDANT:  Yes, ma'am.
 4              THE COURT:  Have you fully discussed the charges in
 5    that Indictment as well as your entire case with your
 6    attorney?
 7              THE DEFENDANT:  I have.
 8              THE COURT:  We can have the Government's attorney
 9    read the Indictment out loud, or you can give up or waive
10    that reading.  Which would you like?
11              THE DEFENDANT:  I'd prefer to waive it, ma'am.
12              THE COURT:  That's fine.  The one thing we do still
13    have to do though is inform you of what the essential
14    elements are of that offense.  In a moment, I'll have the
15    Assistant U.S. Attorney read that aloud.
16              Those are the factual matters that the Government
17    would have to prove at any trial using competent evidence and
18    beyond a reasonable doubt before you could be found guilty.
19              MS. BELL:  "Count One.  Transportation of Minors
20    with Intent to Engage in Criminal Sexual Activity.
21              "First, that the defendant knowingly transported
22    MV1 or MV2 in interstate commerce; second, that at the time
23    of the transportation, MV1 or MV2 was less than 18 years old;
24    and, third, that at the time of the transportation, the
25    defendant intended that MV1 or MV2 would engage in unlawful
```

1    sexual activity."

2              THE COURT:  Although you waived the reading of the

3    Indictment, you did hear the essential elements of that

4    offense being read to you.

5              Do you understand the nature of this charge to

6    which you intend to plead guilty?

7              THE DEFENDANT:  Yes, ma'am.

8              THE COURT:  Counsel, are you satisfied that your

9    client does understand the nature of this charge?

10             MR. ROPER:  Yes, Your Honor.

11             THE COURT:  I find that Mr. Waters does understand

12   the nature of the charge to which he intends to plead guilty

13   today.

14             Sir, are you fully satisfied with your attorney and

15   the representation and advice that has been given to you in

16   the case?

17             THE DEFENDANT:  I am, ma'am.

18             THE COURT:  The Court has your Plea Agreement and

19   has reviewed it.  You have the right to have the document

20   read out loud to you in court this morning, or you can give

21   up that right.  Which would you like to do?

22             THE DEFENDANT:  I'd like to waive it, ma'am.

23             THE COURT:  Counsel, would you join in that waiver?

24             MR. ROPER:  I do, Your Honor.

25             THE COURT:  Before we started your hearing today,

1    sir, did you have an opportunity both to read and discuss the

2    Plea Agreement with your attorney?

3            **THE DEFENDANT**:  I did, ma'am.

4            **THE COURT**:  Okay.  Do you understand all of the

5    terms that are in your Plea Agreement?

6            **THE DEFENDANT**:  I do, ma'am.

7            **THE COURT**:  Okay.  Counsel, are you satisfied that

8    Mr. Waters understands the terms of his agreement with the

9    Government?

10            **MR. ROPER**:  Yes, Your Honor.

11            **THE COURT**:  Okay.  Sir, do you have any changes or

12    corrections to make to the agreement?

13            **THE DEFENDANT**:  No, ma'am.

14            **THE COURT**:  Counsel, would you have any?

15            **MR. ROPER**:  No, ma'am.

16            **THE COURT**:  As I look at the back page of the

17    agreement, Mr. Waters, it appears that you have signed it.

18    Is that your signature both at the top and the bottom of this

19    last page?

20            **THE DEFENDANT**:  Yes, ma'am.

21            **THE COURT**:  Counsel, is that yours underneath?

22            **MR. ROPER**:  Yes, Your Honor.

23            **THE COURT**:  Mr. Waters, are you pleading guilty

24    today based on any promises by anyone other than those that

25    are written down in this agreement?

1          THE DEFENDANT:  No, ma'am.

2          THE COURT:  Has anyone threatened you or attempted

3    to force you to plead guilty in the case today?

4          THE DEFENDANT:  No, ma'am.

5          THE COURT:  Are you pleading guilty voluntarily and

6    of your own free will because you are guilty?

7          THE DEFENDANT:  Yes, ma'am.

8          THE COURT:  Do you understand that by pleading

9    guilty to a felony offense, if our District Judge accepts

10   that plea, you will be adjudged guilty, and then that

11   judgment can deprive you of valuable civil rights, such as

12   the right to vote, the right to serve on a jury, the right to

13   hold public office, and the right to possess any kind of a

14   firearm?

15         THE DEFENDANT:  I understand.

16         THE COURT:  Do you understand that under the

17   Constitution and laws of our country you have the right to

18   plead not guilty and are entitled to a trial by a jury on the

19   charge in the Indictment?

20         THE DEFENDANT:  I understand.

21         THE COURT:  Do you understand that, at trial and

22   every other part of your case, you're entitled to have the

23   assistance of an attorney?

24         THE DEFENDANT:  I understand.

25         THE COURT:  Do you understand that at trial you

1     would be presumed to be innocent, and that the Government

2     would have to prove your guilt with competent evidence and

3     beyond a reasonable doubt before you could be found guilty,

4     and that you don't have to prove your innocence?

5                    THE DEFENDANT:  I understand, ma'am.

6                    THE COURT:  Do you understand that during trial the

7     Government's witnesses would have to come to the courthouse

8     and testify in front of you, so that you could see and hear

9     what they were saying, and then have your attorney ask them

10    questions on cross-examination?

11                   THE DEFENDANT:  I understand.

12                   THE COURT:  Do you also understand that you would

13    have the right to testify and present evidence on your own

14    behalf if you wanted to do so voluntarily, but that you

15    couldn't be forced to testify against yourself?

16                   THE DEFENDANT:  I understand.

17                   THE COURT:  Do you further understand that if you

18    decided not to testify or present any evidence, those facts

19    could not be used against you?

20                   THE DEFENDANT:  I understand.

21                   THE COURT:  Are you aware that your lawyer could

22    issue legal documents that we call subpoenas that would force

23    favorable witnesses to come into the courthouse and testify

24    on your behalf?

25                   THE DEFENDANT:  I am aware.

1    THE COURT:  Do you understand that if you do plead

2    guilty today, and the District Judge accepts that plea, you

3    will be giving up your right to a jury trial as well as all

4    of these other rights I just described?

5        THE DEFENDANT:  I understand.

6        THE COURT:  Do you further understand that you will

7    be giving up your right not to testify against yourself,

8    because I will ask you questions to establish that you are

9    guilty, and you will have to admit your guilt?

10        THE DEFENDANT:  I understand.

11        THE COURT:  I need to inform you of what the

12   potential penalties and consequences are of a conviction for

13   this offense to which you intend to plead guilty and make

14   sure you understand each of these.

15        Do you understand that the maximum period of

16   imprisonment is life and the minimum period of imprisonment

17   is ten years?

18        THE DEFENDANT:  Yes, ma'am.

19        THE COURT:  Do you understand that you might be

20   assessed a fine, the largest of $250,000, or double the gross

21   money gain derived by you from the offense or double the

22   gross money loss caused by the offense to any person?

23        THE DEFENDANT:  I understand.

24        THE COURT:  Do you understand you will be ordered

25   to make full restitution in the form of money, or services in

1    lieu of money, to any victim of the offense because

2    restitution is mandatory by statute?

3              THE DEFENDANT:  I understand.

4              THE COURT:  Are you aware you will be required to

5    pay a mandatory special assessment of $100?

6              THE DEFENDANT:  I understand.

7              THE COURT:  Do you also understand that, unless the

8    Court finds you are indigent, you will have to pay an

9    additional assessment of 500,000 -- excuse me, $5,000 in

10   accordance with 18, United States Code, Section 3014?

11             THE DEFENDANT:  I understand.

12             THE COURT:  Are you aware that you may be ordered

13   to forfeit certain property to the United States?

14             THE DEFENDANT:  I am.

15             THE COURT:  Are you also aware you may be ordered

16   to pay the costs of incarceration and supervision?

17             THE DEFENDANT:  I'm aware.

18             THE COURT:  Finally, do you understand that you

19   must serve a mandatory period of supervised release of no

20   less than five years and no more than life?

21             THE DEFENDANT:  Yes, ma'am.

22             THE COURT:  Okay.  With respect to supervised

23   release, do you understand that that is a period of time that

24   would follow your release from any term of imprisonment and

25   is subject to such terms and conditions as the Court can

1    impose under the law, and, further, that if you were to

2    violate any of those terms and conditions while on release,

3    you could be sent back to prison for the entire term of your

4    supervised release period without receiving credit for any

5    time you had already been out of prison and under supervised

6    release?

7           THE DEFENDANT:  I'm aware.

8           THE COURT:  Has anyone made any prediction or

9    promise to you as to what your sentence actually will be?

10          THE DEFENDANT:  No, ma'am.

11          THE COURT:  Do you understand that it is our

12    District Judge, and he alone, that will decide your sentence?

13          THE DEFENDANT:  I understand.

14          THE COURT:  All right.  Do you understand that, in

15    deciding what your sentence will be, the District Judge is

16    required to consider the United States Sentencing Guidelines,

17    meaning he has to take those into account as well as the

18    punishment range that is in the guidelines, but that neither

19    of those things are binding on him?

20          THE DEFENDANT:  I understand.

21          THE COURT:  Do you understand the law requires our

22    District Judge to impose a sentence that does several things:

23    Reflect the seriousness of your offense, promote respect for

24    the law, provide just punishment, afford adequate deterrence,

25    protect the public, and effectively provide you with any

 1  needed educational or vocational training, medical care, or
 2  other correctional treatment?
 3          THE DEFENDANT:  I understand.
 4          THE COURT:  Have you and your attorney talked about
 5  how the sentencing guidelines might possibly apply in your
 6  case?
 7          THE DEFENDANT:  We have.
 8          THE COURT:  Do you understand that those guidelines
 9  provide the District Judge take into account various factors,
10  such as the actual conduct in which you engaged, to consider
11  any victims of your offense, the role that you played, and
12  then whether you have accepted responsibility for your
13  relevant conduct or have attempted to obstruct justice?
14          THE DEFENDANT:  I understand.
15          THE COURT:  Do you understand that your criminal
16  history is an important factor under the guidelines?
17          THE DEFENDANT:  Yes, ma'am.
18          THE COURT:  When you discussed the guidelines with
19  your attorney, did he offer you an opinion or estimate as to
20  how they might apply in your case so that you could determine
21  if you wanted to plead guilty or not?
22      (Attorney/client sotto-voce conference.)
23          MR. ROPER:  Could you repeat that for him, please.
24          THE COURT:  Yes.  When you and Mr. Roper were
25  discussing the United States Sentencing Guidelines and how

 1    they might potentially apply in your case, did he provide you

 2    with some kind of estimate or opinion as to how the

 3    guidelines could possibly work in your situation, and then

 4    did that opinion or estimate assist you in deciding whether

 5    or not you wanted to plead guilty or go to trial?

 6              THE DEFENDANT:  Yes, ma'am.

 7              THE COURT:  Okay.  Do you understand that, when

 8    your attorney gave you that opinion or estimate, even though

 9    he is someone who has a lot of expertise and experience in

10    criminal law, that he still can't promise or guarantee you

11    that his opinion is correct, and, in fact, what our District

12    Judge determines as your sentence could be different than the

13    opinion or estimate your attorney gave you?

14              THE DEFENDANT:  I understand.

15              THE COURT:  Do you understand that neither our

16    District Judge nor your attorney can determine the guideline

17    range in your case until after a probation officer completes

18    a Presentence Report, and then you and the Government have a

19    chance to read that report and object to the facts in the

20    report and to the guideline range in the report?

21              THE DEFENDANT:  I understand.

22              THE COURT:  Do you understand that no one,

23    including your lawyer, can predict in advance what your

24    sentence will be?

25              THE DEFENDANT:  Yes, ma'am, I understand.

1        **THE COURT**:  Do you understand that, after the

2  guideline range in your case has been determined, the

3  District Judge has the authority to impose a sentence that is

4  more severe than what is called for under the guidelines?

5        **THE DEFENDANT**:  Yes, ma'am.

6        **THE COURT**:  Do you understand that, pursuant to the

7  terms of your Plea Agreement, you have given up your right to

8  appeal except in some limited circumstances that were set out

9  in the case?

10        **THE DEFENDANT**:  I understand.

11        **THE COURT**:  Or I should say set out in the

12  agreement, excuse me.

13        **THE DEFENDANT**:  I understand.

14        **THE COURT**:  Do you understand that parole for the

15  offense to which you intend to plead guilty has been

16  abolished, so that if you are sentenced to prison, you will

17  not be released on parole?

18        **THE DEFENDANT**:  I understand.

19        **THE COURT**:  Finally, do you understand that, if the

20  sentence the District Judge imposes is more severe than what

21  you have expected, you will still be bound by this plea of

22  guilty today, and you will have no right to withdraw it?

23        **THE DEFENDANT**:  I understand.

24        **THE COURT**:  Having been informed of your rights and

25  the possible consequences of pleading guilty, how do you

 1   plead to Count One of the Indictment; guilty or not guilty?

 2            THE DEFENDANT:  Guilty.

 3            THE COURT:  Before I can recommend that our

 4   District Judge accept that plea of guilty that you have

 5   entered, I will have to ask you the second set of questions

 6   that I mentioned at the beginning to make certain that there

 7   are facts that will support that plea of guilty.

 8            MS. BELL:  I apologize for interrupting the Court.

 9   I'm standing in for Mr. Taylor on this case.

10            I noticed that the filed copy of the Factual Resumé

11   only has four pages, but the original has five.  I just want

12   to make sure that he got that corrected with the Court, and,

13   if not, I do have an original that we could ask to

14   substitute, but Page 3 is missing from the Factual Resumé

15   that was filed, Your Honor.

16            MR. ROPER:  We have -- we were provided a complete

17   set of the Factual Resumé, Your Honor, and we would waive the

18   reading of the Factual Resumé.

19            MS. BELL:  Does the Court's file-stamped copy

20   reflect all five pages, or is Page 3 missing in that copy?

21            THE COURT:  I'm not logged on to ECF.  Mr. Kordes

22   may be able to do that.  The copy that we printed from ECF

23   though is missing Page 3.

24            MS. BELL:  I suspect it has not been corrected,

25   because my file hasn't.

1    Would the Court accept the full Factual Resumé and

2 substitute it for the one that's in ECF?

3    THE COURT:  Yes.  We can do that if there are no

4 objections.

5    MR. ROPER:  We have no objections, Your Honor.

6    MS. BELL:  Thank you, Your Honor.  Do you want the

7 copy now?

8    THE COURT:  You can go ahead and just give that to

9 Mr. Kordes, and he will take care of replacing the image that

10 is on our electronic case system with the one that has all of

11 the pages --

12    MS. BELL:  Thank you, Your Honor.

13    THE COURT:  -- on it.

14    Mr. Waters, your counsel mentioned that you would

15 waive the reading of the Factual Resumé.  Is that correct,

16 sir?

17    THE DEFENDANT:  Yes, ma'am.

18    THE COURT:  Okay.  Before the proceeding this

19 morning, did you either read the entire five pages of the

20 Factual Resumé, or have it read to you?

21    THE DEFENDANT:  I did, ma'am.

22    THE COURT:  Okay.  Do you understand everything

23 that is in the Factual Resumé?

24    THE DEFENDANT:  Yes, ma'am.

25    THE COURT:  Do you have any changes or corrections

```
1    to make?

2              THE DEFENDANT:  No, ma'am.

3              THE COURT:  Counsel, would you have any changes or

4    corrections to make other than the one we just discussed in

5    terms of making the electronic record complete?

6              MR. ROPER:  No, Your Honor.

7              THE COURT:  As I look at the last page of this, it

8    appears that you did sign that.  Is that your signature, Mr.

9    Waters?

10             THE DEFENDANT:  Yes, ma'am.

11             THE COURT:  Counsel, is that yours underneath?

12             MR. ROPER:  Yes, Your Honor.

13             THE COURT:  Mr. Waters, do you admit on your oath

14   in court today that this Factual Resumé is true and correct

15   in every respect?

16             THE DEFENDANT:  Yes, ma'am.

17             THE COURT:  Do you also admit on your oath in court

18   this morning that you committed the essential elements of the

19   offense that is charged in Count One of the Indictment?

20             THE DEFENDANT:  Yes, ma'am.

21             THE COURT:  Being satisfied with the responses that

22   have been given during the hearing this morning, I make the

23   following finding on the record:

24             In the case of the United States of America versus

25   Davin Seth Waters, 2:19-CR-93-Z-BR (1), I find that Mr.
```

1   Waters is fully competent and capable of entering an informed

2   plea.  His plea of guilty to Count One of the Indictment is a

3   knowing and voluntary plea that is supported by an

4   independent basis in fact that contains each of the essential

5   elements charged by the offense in Count One of the

6   Indictment.

7           The Court recommends that his plea of guilty be

8   accepted by our District Judge, and if it is, he then will be

9   adjudged guilty of the offense charged by Count One of the

10  Indictment.

11          Mr. Waters, I have a document that's entitled

12  Report and Recommendation Concerning Plea of Guilty.  I will

13  sign that this morning.  We will file it in your case later

14  today.

15          **THE DEFENDANT**:  Yes, ma'am.

16          **THE COURT**:  That is my way to formally communicate

17  to the District Judge that I am recommending that he accept

18  the plea of guilty you have already entered.

19          Once it is filed, you will have 14 days from today

20  to make any kind of objection that you may want to make

21  through your attorney to the fact that I'm recommending the

22  guilty plea be accepted.

23          As we mentioned earlier, there will be a probation

24  officer who prepares a Presentence Report in your case.  That

25  is done to assist the District Judge with his decisions

1   concerning an appropriate sentence.

2          Because I am not the one who will handle the

3   sentencing phase of your case, I can't tell you the exact

4   dates when things will occur after today.

5          What I can tell you though is that normally, within

6   a day or two after a hearing like this, the District Judge

7   will enter his own order that sets out the schedule for the

8   rest of your case.  It will have the date of your sentencing

9   hearing in that order.  It will give you a lot of other

10  important information.

11         One of the things it will say is that at the

12  hearing the Judge will hear from you, your attorney, and up

13  to three witnesses on your behalf.  If you would like to have

14  people write letters to him that talk about your character,

15  you can have that done as well, and as long as your attorney

16  gets those letters to the District Judge before your

17  sentencing hearing, he will read all of those letters.

18         The last thing I want to explain is with respect to

19  the Presentence Report that will be prepared.  You very

20  likely will be asked to meet with the probation officer to

21  help get that report prepared, and your attorney can be there

22  with you when you have that meeting.  Your cooperation in

23  that whole process is very important.  That is because the

24  Presentence Report that is being prepared will serve as the

25  basis to calculate the sentencing guideline range in your

1   case.

2          Also, the probation officer who prepares that

3   report has the ability to recommend a decrease in your

4   offense level for acceptance of responsibility.

5          **THE DEFENDANT**:  I understand.

6          **THE COURT**:  Okay.  Do you have any questions about

7   what we've covered this morning, sir?

8          **THE DEFENDANT**:  No, ma'am.

9          **THE COURT**:  Okay.  That's everything for your case

10  today.  Good luck to you as you finish out everything in this

11  matter, sir.

12         **THE DEFENDANT**:  Thank you, ma'am.

13         **MR. ROPER**:  Thank you, Your Honor.

14         **THE COURT**:  Thank you.  We'll be in recess.

15         **COURT SECURITY OFFICER**:  All rise.

16      **(End of Rearraignment for 11/25/2019.)**

17                    *   *   *   *   *   *

18      I certify that the foregoing is a correct transcript

19  from the record of proceedings in the above-entitled matter.

20  I further certify that the transcript fees format comply with

21  those prescribed by the Court and the Judicial Conference of

22  the United States.

23

24  s/Stacy Mayes Morrison          8/6/2020
    Stacy Mayes Morrison            Date
25  Official Court Reporter